UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| DR. RAMESH BHAT, Appellant, | ) | |
| vs. | ) | 1:09-cv-307-WTL-DML |
| BANKRUPTCY ESTATE OF FIRSTMARK CORPORATION, Appellee. | ) | |
| IN RE: FIRSTMARK CORPORATION, Debtor. | ) | Bankruptcy Cause No. 88-05508-FJO-11 |

## ORDER ON APPEAL FROM BANKRUPTCY COURT'S RULING

This is an appeal from a ruling in the Bankruptcy Court brought by appellant, Dr. Ramesh Bhat ("Dr. Bhat"), pursuant to 28 U.S.C. § 158. Specifically, Dr. Bhat challenges the Bankruptcy Court's decision denying his Amended Motion for Return of Funds to Debtor.[1]

For the reasons discussed herein, the ruling in the Bankruptcy Court is **REVERSED**.

## I. BACKGROUND

Firstmark Corporation ("Firstmark") voluntarily filed a petition for Chapter 11 bankruptcy on August 26, 1988. Firstmark was wholly owned by Capitol Securities, Inc. ("Capitol"), which also filed for protection under Chapter 11 that same day. The equity security holders of Capitol included one preferred stockholder, and numerous common stockholders. Dr. Bhat was one of the major common stockholders, holding 335,000 common shares of Capitol.

[1] In his brief, Dr. Bhat requests oral argument. The Court concludes that oral argument is unnecessary in this case and, accordingly, **DENIES** Dr. Bhat's request.

At the time that Firstmark filed for bankruptcy, it owed investors and shareholders $57,000,000.00. The Chapter 11 cases of Firstmark and Capitol continued until 1996 before the secured and unsecured creditors of both companies were issued pro-rata distribution checks that represented approximately 20 to 32% of their general and unsecured claims in accordance with the plan of liquidation. Firstmark's liquidation proceeding was terminated by Final Decree entered on the Bankruptcy Court's docket on January 17, 1996, after the estate had been fully administered and the final accounting had been submitted. *See* Bankr. Docket No. 1201. However, the registry account remained open with many of the distribution checks returned as "undeliverable" and "unclaimed" by creditors. It appears from the Bankruptcy Court's docket that the last return occurred on or about February 26, 1996, when the court received a returned check in the amount of $18,712.59. In addition, it appears that the Bankruptcy Court last approved a payment from the unclaimed funds on January 19, 2006. According to Dr. Bhat, there are currently unclaimed funds in the amount of $95,964.17.

Subsequently, on January 23, 2008, Omega Consulting ("Omega") filed a motion seeking release of the entire amount of the unclaimed funds. *See* Bankr. Docket Nos. 1505/1506. Based on the Court's understanding, Omega is an asset locator owned by Eric Dangerfield ("Dangerfield") that entered into an agreement with Dr. Bhat to attempt to recover the unclaimed funds. Pursuant to that agreement, Dr. Bhat, on behalf of himself and Capitol, assigned his dormant common shares in Capitol and any rights to the unclaimed funds to Omega in exchange for a promise to receive 50% of any recovered assets. The Bankruptcy Court denied that motion on April 29, 2008.

Thereafter, Dangerfield d/b/a Beacon Recovery Services ("Beacon") filed another motion seeking release of the unclaimed funds. *See* Bankr. Docket No. 1520. Beacon sought the funds as

an assignee of Wesley Baxter ("Baxter"), who was represented as the only living creditor out of the twenty largest creditors. Beacon argued that Firstmark, as Debtor, was entitled to the unclaimed funds by operation of law but that the Bankruptcy Court should exercise its equitable powers and award the funds to Beacon as a proper assignee of Baxter. The court set a hearing on Beacon's motion.

Prior to the hearing, Dr. Bhat filed his amended motion seeking return of the unclaimed funds. *See* Bankr. Docket No. 1523. In his motion, Dr. Bhat asserted that he was the rightful recipient of the remaining assets. *See id.* at 4, ¶ 12. However, his prayer for relief sought an order directing the court clerk to pay the unclaimed funds to Firstmark. *See id.* at 5. The Bankruptcy Court set a hearing on the motion for the same time as the hearing on Beacon's motion.

Thereafter, on December 15, 2008, the Bankruptcy Court held a combined hearing on Beacon's and Dr. Bhat's motions. Beacon's counsel contended that the unclaimed funds had been forfeited by creditors by the passage of time and the failure to cash their checks. In addition, he conceded that the unclaimed funds should revert to Firstmark by operation of the Bankruptcy Code, specifically 11 U.S.C. § 1143, but he argued that as a matter of equity the funds should go to Beacon as an assignee of Baxter, a creditor who received a pro rata distribution but did not recover the full amount of money that Firstmark owed him. Beacon's counsel further argued that paying the money to a creditor would be consistent with the intent of the liquidation plan to pay creditors in full.

In contrast, Dr. Bhat's counsel argued that the funds should go to Dr. Bhat as a shareholder of Capitol, the owner of Firstmark, based on operation of 11 U.S.C. §§ 347 and 1143. Dr. Bhat's counsel conceded that Dr. Bhat was not an "entity acquiring the assets of [Firstmark]" as provided by § 347(b), but contended that the balance of the equities lay with Dr. Bhat as a shareholder of

Capitol who had lost his investment. Dr. Bhat's counsel contended that both the Bankruptcy Code and the liquidation plan supported Dr. Bhat's position. In particular, Dr. Bhat's counsel argued that the plan's objectives had been met because creditors had been allocated their pro rata share and that the remaining funds should go to Firstmark's shareholder pursuant to Article III of the liquidation plan.

The Trustee took no position with respect to either argument. During the hearing, the Bankruptcy Court noted that it had reviewed the docket, which disclosed that claims had been paid as late as 2006. The court commented that this case was not so much a failure to cash checks as it was to notify creditors and that creditors were still being notified and being paid. Ultimately, after taking Beacon's and Dr. Baht's motions under advisement, the court denied both motions. *See* Bankr. Docket Nos. 1529 and 1530. With respect to Dr. Baht's motion, the court denied the relief prayed for because it disagreed that Dr. Baht should receive all of the money "over and above any other shareholder and/or claimant." *See* Bankr. Docket No. 1530. The court concluded that equity required it to retain the money for "an undetermined period of time to permit the appropriate claimants to come forward and request distribution of their share of the funds," thereby preserving the other claimants' rights to the funds. *See id.* This appeal followed. Not surprisingly, no response brief was filed on behalf of Firstmark.

## II. <u>APPLICABLE STANDARDS OF REVIEW</u>

When reviewing a decision of the Bankruptcy Court, this Court acts as an appellate tribunal and is governed by the traditional standards of appellate review. Specifically, the Court "is constrained to accept the [B]ankruptcy [C]ourt's findings of fact unless they are clearly erroneous."

*In re Excalibur Auto Corp.*, 859 F.2d 454, 457 n.3 (7th Cir. 1988). *See also In re Fedpak Sys., Inc.*, 80 F.3d 207, 211 (7th Cir. 1996); *In re Longardner & Assocs., Inc.*, 855 F.2d 455, 459 (7th Cir. 1988). "A finding is clearly erroneous if upon review of the entire record the reviewing court is left with the definite and firm conviction that a mistake has been committed." *Graham v. Lennington*, 74 B.R. 963, 965 (S.D. Ind. 1987). "Generally, as long as the bankruptcy judge's inferences are reasonable and supported by the evidence, they will not be disturbed." *Id.*

Conclusions of law made by the Bankruptcy Court, however, must be reviewed *de novo*. *See Excalibur Auto Corp.*, 859 F.2d at 457 n.3 (citing *In re Kimzey*, 761 F.2d 421, 423 (7th Cir. 1985)); *Longardner & Assocs., Inc.*, 855 F.2d at 459. Likewise, where the challenged finding is a mixture of law and fact, the clearly erroneous standard is inapplicable and *de novo* review is required. See *Graham*, 74 B.R. at 965.

With these general standards in mind, the Court turns to the instant appeal.

## III. DISCUSSION

Section 347 of the Bankruptcy Code provides that money or property remaining unclaimed "at the expiration of time allowed . . . for the presentation of a security or the performance of any other act as a condition to participation in the distribution" under a confirmed plan "becomes the property of the debtor or of the entity acquiring the assets of the debtor under the plan." Section 1143 set a five-year cap on the time-period that a plan can impose. As the district court for the Northern District of Texas has observed, these statutes together establish a maximum of five years from the entry of an order confirming plan within which a creditor must act or relinquish its right to participate. *See In re TLI, Inc.*, 213 B.R. 946, 950 (N.D. Tex. 1997). Dr. Bhat contends that

because more than five years have elapsed since the confirmation order, he is entitled to the $95,964.17 by virtue of his status as a common shareholder of Capitol, who was the sole shareholder of Firstmark.

The Court agrees with the Bankruptcy Court that Dr. Bhat is not entitled the full amount of the unclaimed funds. He conceded that he was not an "entity acquiring assets of the debtor," and he is clearly not the debtor. Thus, he is not entitled the full amount of the unclaimed funds under sections 347 and 1143. Nor does the Court agree with Dr. Bhat's interpretation of the Liquidation Plan; the Court does not read the Liquidation as providing guidance on what to do with unclaimed funds or as indicating that the stockholders are now entitled to the funds. Article 3 of the Liquidation Plan simply indicates that stockholders are entitled to any assets remaining after all creditors have been paid in full, something not applicable here because creditors in classes 6 and 7 received pro rata shares rather than the full amount that they were owed. Moreover, the funds left at this point are not "remaining assets" after distribution under the plan; they are unclaimed funds. Therefore, to the extent that the Bankruptcy Court concluded that Dr. Bhat is not entitled to the full amount of the unclaimed funds, its opinion is **AFFIRMED**.

What is not clear from the record is whether Dr. Bhat is entitled to some derivative portion of the unclaimed funds and, if so, how much he would be entitled to receive. Dr. Bhat's motion specifically sought relief on behalf of Firstmark, the debtor, and the Bankruptcy Court's order denied "the relief prayed for" without explaining whether Firstmark was entitled to the funds by operation of sections 347 and 1143. The Bankruptcy Court's failure to articulate this point is understandable given the tenor of Dr. Bhat's motion and the insistence at the hearing that Dr. Bhat should get the funds. Indeed, Dr. Bhat's brief to this Court walks a similar line between seeking the

funds for himself and seeking them as a representative for Firstmark. Nonetheless, the record and the Bankruptcy Court's reasoning on whether Firstmark is entitled to the funds need to be clarified.

On remand, the Bankruptcy Court should enter clear findings of fact and conclusions of law regarding Dr. Bhat's attempt to obtain the funds as a representative of Firstmark, the debtor. The court might wish to consider whether Dr. Bhat has authority to act on behalf of Firstmark. Assuming that he does have such authority, and assuming that there are no notification problems to any of the creditors and that the entire balance actually represents unclaimed funds, the court should then consider whether Firstmark continued to exist or whether pursuant to section 347 the unclaimed funds should go to an "entity acquiring the assets of the debtor under the plan." Although this Court takes no position on the matter at this juncture, it notes that the issue of whether Firstmark continued to exist is debatable. On the one hand, Dr. Bhat relies on state law suggesting that a dissolved corporation continues until it is able to wind up its affairs. On the other hand, Firstmark was liquidated and, according to the Indiana Secretary of State's website, its status was revoked and it has been inactive since July 29, 1992. If the Bankruptcy Court concludes that Firstmark does continue to exist and that the funds should pass to Firstmark pursuant to section 347, the Bankruptcy Court will have to determine whether it has authority to distribute the funds to Capitol's preferred and common shareholders and, if so, how to go about doing that while protecting the interest of each individual shareholder. The Court leaves it to the Bankruptcy Court's decision how to proceed with addressing these issues.

For the foregoing reasons, the decision the Bankruptcy Court denying Dr. Bhat's Amended Motion for Return of Funds to Debtor is **AFFIRMED in part**, **REVERSED in part, and REMANDED for further proceedings consistent with this Order**.

IT IS SO ORDERED: 06/01/2009

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

**Electronically distributed to:**

Abraham Murphy
ATTORNEY AT LAW, LLC
murphy@abrahammurphy.com

**Distributed via U.S. Postal Service to:**

Brian Baum
BAUM & BAUM, ASSOCIATES, P.A.
5621 York Street
Metairie, LA 70003